NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ESSITY HYGIENE AND HEALTH AB,**
*Appellant*

**v.**

**CASCADES CANADA ULC, TARZANA ENTERPRISES, LLC,**
*Appellees*

---

2019-1736, 2019-1741

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2017-01902, IPR2017-01921.

---

Decided:  May 8, 2020

---

MARTIN JAY BLACK, Dechert LLP, Philadelphia, PA, for appellant.  Also represented by KEVIN M. FLANNERY; MITCHELL EPNER, STEPHEN S. RABINOWITZ, New York, NY.

RUDOLPH A. TELSCHER, JR., Husch Blackwell LLP, St. Louis, MO, for appellees.  Also represented by MICHAEL R. ANNIS, KARA RENEE FUSSNER, DAISY MANNING.

---

Before PROST, *Chief Judge*, MAYER and DYK, *Circuit Judges.*

PROST, *Chief Judge.*

In this consolidated appeal, Essity Hygiene and Health AB appeals two final written decisions in inter partes review proceedings before the Patent Trial and Appeal Board ("Board"). These proceedings challenged two related patents, U.S. Patent Nos. 8,597,761 and 9,320,372 (respectively, "the '761 patent" and "the '372 patent"). The Board determined that petitioners Cascades Canada ULC and Tarzana Enterprises LLC (collectively "Cascades") met their burden of showing that all challenged claims are unpatentable as either anticipated under 35 U.S.C. § 102(b)[1] or rendered obvious under 35 U.S.C. § 103(a) by the cited prior art. We affirm.

I

A

The '761 and '372 patents share a common specification and are directed to stacks of interfolded absorbent sheet products commonly known as "napkins." The napkins of the claimed invention "comprise a first fold that is deliberately offset from a parallel line bisecting the sheet, and a second fold that preferably bisects the sheet in the perpendicular direction." '761 patent col. 2 ll. 8–11.[2] The offset fold causes a napkin's panels to be asymmetrical such that the dimensions of certain panels are smaller than the dimensions of other panels. *See, e.g.*, '761 patent col. 3 ll. 11–

---

[1]    The claims at issue in this case have effective filing dates prior to March 16, 2013. We therefore apply pre-AIA § 102(b).

[2]    For ease of reference, all citations to the common specification are made to the '761 patent. These citations likewise support the '372 patent.

17; *see also id.* at Fig. 3. The folded napkins are arranged in a stack by interfolding sheets of adjacent napkins such that a panel of an upper napkin in a stack is placed between the panels of a lower napkin. *See, e.g.,* '761 patent col. 6 ll. 21–25, 33–39; *see also id.* at Figs. 4a & 4b.

Claim 1 of '761 patent is the sole independent claim and is representative of the issues on appeal. Claim 1 of the '761 patent recites:

> 1. A stack of interfolded absorbent sheet products, comprising:
>
> a plurality of absorbent sheets
>
> wherein each sheet comprises a first fold that is offset from a line bisecting said sheet substantially parallel to said first fold, and an interfolding fold that is substantially perpendicular to said first fold,
>
> wherein the first fold is unidirectionally peaked,
>
> wherein panels defined by the first fold of each sheet directly contact each other, and
>
> wherein at least one of the panels defined by the interfolding fold of each sheet is inserted between two panels defined by the interfolding fold of another sheet in the stack.

'761 patent claim 1.

Claim 1 of the '372 patent is the sole independent claim and is representative of the issues on appeal. Claim 1 of the '372 patent recites:

> 1. A stack of interfolded absorbent sheet products, comprising
>
> a plurality of absorbent sheets,
>
> wherein each sheet comprises a first fold that is offset from a line bisecting said sheet substantially

parallel to said first fold, and an interfolding fold intersecting said first fold,

wherein said first fold, said intersecting fold, and the outer edges of each of the absorbent sheets define boundaries for four panels,

with the panels on opposing sides of the first fold having different lengths and contacting each other in the stack, and

wherein each of said absorbent sheets within said stack comprises at least one pair of panels sandwiched between a pair of adjacent panels of another of said absorbent sheets within said stack.

'372 patent claim 1.

B

Cascades's petitions asserted several grounds of unpatentability based, in relevant part, on U.S. Patent No. 6,602,575 ("Grosriez"), J.A. 344–53, and U.S. Patent Publication No. 2005/0058807 ("Hochtritt"), J.A. 152–61.

Grosriez describes stacks of interleaved, absorbent sheets for use in dispensers. The napkins in Grosriez each have "a longitudinal fold line forming a longitudinal border and at least one transverse fold line perpendicular to the longitudinal fold line." Grosriez col. 1 ll. 7–11. Grosriez describes two alternative embodiments of its absorbent sheets, one "folded into four equal parts" and another wherein "the longitudinal fold line delimits two sections, the transverse dimension one of which differs from the transverse dimension of the other." *See* Grosriez col. 4 ll. 42–45, ll. 51–54. Grosriez further describes "[i]ntertwining the folded sheets" and explains that intertwining "makes it possible . . . for the lower panel of the upper sheet to carry (by virtue of the friction forces) the upper panel of the intermediate folded sheet out of the opening [of a

dispenser]." Grosriez col. 5 ll. 60–65 (internal references to element numbers omitted).

Hochtritt relates to a stack of interfolded sheet products that "comprises a plurality of absorbent sheets each of which is itself folded at least twice about axes that are perpendicular to one another," wherein "[e]ach of the absorbent sheets within the stack comprises at least one pair of panels sandwiched between a pair of adjacent panels of another of the absorbent sheets in the stack." Hochtritt Abstract.

C

Cascades filed IPR2017-01902 and IPR2017-01921, respectively challenging claims 1–26 of the '761 patent and claims 1–20 of the '362 patent. Following the Supreme Court's decision in *SAS Institute Inc. v Iancu*, 138 S. Ct. 1348 (2018), the Board instituted review on all grounds in both proceedings. Relevant to this appeal, the Board issued final written decisions finding that Cascades had met its burden of proving unpatentability with respect to the following grounds: (1) claims 1–3, 8, 9, 12, 13 and 23 of the '761 patent and claims 1-3, 8, 9, 12 and 13 of the '372 patent are anticipated by Grosriez; (2) claims 1–3, 6–23, and 26 of the '761 patent and claims 1–3 and 6–20 of the '372 patent are rendered obvious by Hochtritt; and (3) claims 1–26 of the '761 patent and claims 1–20 of the '372 patent are rendered obvious by Hochtritt in combination with Grosriez. *See Cascades Can. ULC v. Essity Hygiene & Health AB*, No. IPR2017-01902, Paper 51 (PTAB Feb. 1, 2019) ("*902 Decision*"); *Cascades Can. ULC v. Essity Hygiene & Health AB*, No. IPR2017-01921, Paper 51 (PTAB Feb. 1, 2019) ("*921 Decision*").

Essity timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

II

Anticipation is a question of fact and obviousness is a question of law based on underlying facts. *Microsoft Corp. v. Biscotti, Inc.*, 878 F.3d 1052, 1068 (Fed. Cir. 2017); *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000). We review the Board's factual findings for substantial evidence and the Board's legal conclusions de novo. *IPCom GmbH & Co. v. HTC Corp.*, 861 F.3d 1362, 1369 (Fed. Cir. 2017). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

On appeal, Essity argues that the Board's finding that the claims of the '761 and '372 patents are unpatentable should be reversed for two reasons. First, Essity argues that there is no substantial evidence to support the Board's finding that certain claims of the '761 and '372 patents are anticipated by Grosriez. Second, Essity argues that the Board's misreading of Grosriez infected its obviousness analysis and led the Board to erroneously disregard evidence of non-obviousness. We find Essity's arguments unpersuasive and affirm the Board's final written decisions for the reasons below.

A

Essity first argues that there is no substantial evidence to support the Board's findings that Grosriez anticipates claims 1–3, 8, 9, 12, 13, and 23 of the '761 patent and claim 1–3, 8, 9, 12 and 13 of the '372 patent. More specifically, Essity argues that the Board misread separate disclosures in Grosriez to disclose an embodiment including "a stack of intertwined, offset-folded napkins" that is not actually taught. Appellant's Br. 18. We disagree and conclude the Board's decisions are supported by substantial evidence.

The Board correctly found that Grosriez describes two alternative napkins, including one wherein the dimensions

differ between the transverse sections of the folded sheet. *902 Decision* at 19–20 (quoting Grosriez col. 4 ll. 51–54); *921 Decision* at 19 (same). The Board then correctly found that Grosriez explains that the folded sheets "can be intertwined[.]" *902 Decision* at 20 (quoting Grosriez col. 5 ll. 54–59); *921 Decision* at 20 (same). Based on these disclosures, and the supporting evidence offered by both parties, the Board reasonably concluded that Grosriez teaches each of the disputed limitations of claim 1. *902 Decision* at 20–23; *921 Decision* at 20–23. The Board further concluded that Cascades had met its burden of proving anticipation by Grosriez with respect to claims 1–3, 8, 9, 12, 13, and 23 of the '761 patent and claim 1–3, 8, 9, 12 and 13 of the '372 patent. *See 902 Decision* at 23–25; *921 Decision* at 23–25.

We reject Essity's argument that the Board incorrectly combined Grosriez's disclosure based on a misreading of Grosriez. Essity bases its argument on Grosriez's statement that "[t]he remainder of the description will relate, non-limitingly, to a supple sheet 36 folded in four." Appellant's Br. 16 (quoting Grosriez col. 4 ll. 60–61). According to Essity, the reference to supple sheet 36, which is an embodiment with four equal parts, means that the remaining disclosure, including that the napkins may be intertwined in a stack, is limited to an embodiment with four equal parts. But, as Cascades argues in response, Essity ignores that Grosriez expressly states that its reference to supple sheet 36 is "non-limiting[]." Appellee's Br. 21, 43 (quoting Grosriez col. 4 ll. 60–61). Further, we conclude that the Board carefully considered and reasonably rejected Essity's evidence that a person of ordinary skill reading Grosriez would not intertwine napkins having panels of differing dimensions. We therefore determine the Board's decisions are supported by substantial evidence.

Accordingly, we affirm the Board's decisions that claims 1–3, 8, 9, 12, 13, and 23 of the '761 patent and claim 1–3, 8, 9, 12 and 13 of the '372 patent are anticipated by Grosriez.

B

Essity next argues that the Board erroneously held that claims 1–3, 6–23, and 26 of the '761 patent and claims 1–3 and 6–20 of the '372 patent are obvious over Hochtritt alone, and that claims 1–26 of the '761 patent and claims 1–20 of the '372 patent are obvious over Hochtritt in combination with Grosriez.

In its final written decisions, the Board found that Hochtritt does not expressly disclose a "first fold that is offset," but also found that it would have been obvious to modify Hochtritt's interfolded sheets to have an offset first fold, including the offset fold disclosed by Grosriez. *902 Decision* at 16–18, 25–32; *921 Decision* at 15–18. The Board found that the record, including Essity's own evidence, showed that offset folds were well-known in the art. And after reviewing the parties' arguments and evidence, it concluded that Cascades had shown by a preponderance of the evidence that Hochtritt teaches or suggests all of the limitations of claims 1–3, 6–23, and 26 of the '761 patent and claims 1–3 and 6–20 of the '372 patent. *See 902 Decision* at 25–36; *921 Decision* at 25–35. The Board further concluded that Cascades had met its burden of proving obviousness with respect to claims challenged over Hochtritt and Grosriez. *See 902 Decision* at 36–42; *921 Decision* at 35–41.

On appeal, Essity argues that the Board's misreading of Grosriez infected its obviousness analysis, causing it to improperly discount or ignore Essity's evidence of non-obviousness. Essity argues that it showed that Grosriez's disclosure would have discouraged the combination of Hochtritt's interfolded sheets with Grosriez's alternative, offset embodiment, and that such a combination would have been expected to create difficulties in manufacturing, packaging, and dispensing the resulting product.

As stated above, we do not agree that the Board misread Grosriez. *See supra* § II(A). We also do not find that

the Board erred in considering whether the prior art rendered the challenged claims obvious. With respect to Essity's additional arguments, we find that Essity's arguments lack merit and detect no error in the Board's obviousness analysis.

Accordingly, we affirm the Board's decisions that the challenged claims of the '761 and '372 patents are rendered obvious by Hochtritt, either alone or in combination with Grosriez.

## III

We have considered each of Essity's arguments on appeal and find them unpersuasive. We therefore affirm the Board's decision that Cascades met its burden of proving that claims 1–26 of the '761 patent and claims 1–20 of the '372 patent are unpatentable.

**AFFIRMED**